UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) KEVIN D. PAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-977-F |
| | ) | (Formerly Comanche County Case No. |
| (1) GOODYEAR TIRE & RUBBER CO., | ) | CJ-2015-555) |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446, Defendant, Goodyear Tire & Rubber Co. ("Goodyear"), hereby removes this case from the District Court of Comanche County, Oklahoma, where it was filed as Case No. CJ-2015-555, styled *Kevin D. Pair v. Goodyear Tire & Rubber Co.*, to the United States District Court for the Western District of Oklahoma. As the grounds for removal, Goodyear states as follows:

1. Plaintiff filed his Petition in this matter on August 6, 2015, in the state court of Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma. The Petition is attached as Exhibit 1. Plaintiff's Petition alleged claims of race discrimination in violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Oklahoma Anti-Discrimination Act (25 Okla. Stat. § 1101 et seq.). Further Plaintiff's Petition states the Equal Employment Opportunity Commission ("EEOC"), granted him a right to sue for employment discrimination, and his Petition included as an attachment a Notice of Suit Rights from the EEOC (*See* Plaintiff's Petition ¶ 9.)

2. Defendant was served with the state court summons on August 20, 2015 via service by certified mail upon its registered service agent. Copies of the summons and related documents showing proof of service of process are attached as Exhibit 2. A copy of the state court docket sheet is attached as Exhibit 3.

3. This is a civil action over which this Court has original subject matter jurisdiction under the provisions of 28 U.S.C. § 1331. Plaintiff's First Cause of Action asserts a claim for race discrimination under Title VII. *See* Pl.'s Pet. ¶¶ 48-57. Plaintiff alleges that he has been refused advancement due to his race. *See id.* at ¶ 49. Plaintiff's First Cause of Action arises under Title VII. Plaintiff's claims thus arise under laws of the United States and involve a federal question. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1331, and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 (a) and (c).

4. As required by 28 U.S.C. § 1441, Goodyear seeks to remove this case to the United States District Court for the Western District of Oklahoma, which is the district court embracing the county where Plaintiff filed the state court suit.

5. Plaintiff further asserts state law claims for discrimination in violation of state law to the extent it is not duplicative of the relevant federal law or remedies. *See* Pl.'s Pet. ¶¶ 58-62. This Court may exercise supplemental jurisdiction over Plaintiff's state law claim under the doctrine of pendent jurisdiction codified by 28 U.S.C. § 1367. In *United Mineworkers of America v. Gibbs*, 383 U.S. 715, 725 (1966), the Supreme Court held that:

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ..." U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction upon the court.... The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

6. The state and federal claims are derived from a common nucleus of operative facts. *See* Pl.'s Pet. at ¶¶ 11-47. Accordingly, this Court may exercise supplemental jurisdiction over the state law claims.

7. This Notice of Removal is timely because it is filed within thirty (30) days from the date Goodyear was served with a copy of the Petition. *See* 28 U.S.C. § 1446(b).

8. There are no pending motions or hearings currently set.

9. In accordance with the requirements under 28 U.S.C. § 1446(d), Goodyear gives notice of this removal by appropriately filing its Notice of Removal in the United States District Court, Western District of Oklahoma and by serving a copy of this Notice of Removal on Plaintiff's attorney. Goodyear also filed on this date a Notice of Filing Notice of Removal in the District Court of Comanche County, Oklahoma.

10. Pursuant to LCvR 81.2 and 28 U.S.C. § 1446(a), attached are clear and legible copies of each of the following:

    (a)    Plaintiff's Petition, Exhibit. 1;

    (b)    Summons, Ex. 2;

(c)   Entry of Appearance, Ex. 3;

(d)   Return of Service, Ex. 4;

(e)   OSCN Docket Case Summary, Ex. 5.

WHEREFORE, Defendant, Goodyear respectfully gives notice that this case has been removed from the District Court of Comanche County, Oklahoma, to the United States District Court of the Western District of Oklahoma.

Respectfully submitted,

*/s/ Tony G. Puckett*
Tony G. Puckett, OBA # 13336
Elizabeth Bowersox, OBA #30494
10th Floor, Two Leadership Square
211 North Robinson
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
tony.puckett@mcafeetaft.com
elizabeth.bowersox@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2015, that a true, exact and correct copy of the foregoing document, was mailed by U.S. mail, to the following:

Robert J. Wagner
Jon J. Gores
WAGNER & WAGNER, P.C.
4401 N. Classen Blvd., Ste. 100
Oklahoma City, OK 73118
rjw@wagnerfirm.com

*/s/ Tony G. Puckett*
Tony G. Puckett